IN THE CIRCUIT COURT OF DODDRIDGE COUNTY, WEST VIRGINIA

RASHID R. YANCEY,

    Plaintiff,

v.

                                         Civil Action No. 16-C-37

PATTERSON-UTI DRILLING COMPANY, LLC,
and ANTERO RESOURCES CORPORATION,

    Defendants.

DODDRIDGE COUNTY
CIRCUIT COURT

JUN 24 2016

DWIGHT E. MOORE
CIRCUIT CLERK

## COMPLAINT AND JURY DEMAND

Now comes the plaintiff, Rashid Yancey, who for his Complaint against the defendants, Patterson-UTI Drilling Company, LLC and Antero Resources Corporation and states as follows:

### THE PARTIES

1.     The plaintiff, Rashid R. Yancey is a resident of Uniontown, Pennsylvania.

2.     The defendant, Patterson-UTI Drilling Company, LLC, ("Patterson"), is a company organized under the laws of the State of Texas. The agent for service of process on the defendant, Patterson, is CT Corporation System, 5400 D Big Tyler Road, Charleston, WV, 25313.

3.     The defendant, Antero Resources Company, LLC, ("Antero") is a Delaware corporation with its principal place of business located in Denver, Colorado. Antero is authorized to do and does business in the State of West Virginia and maintains a local office in Bridgeport, West Virginia. The agent for service of process on the defendant, Antero, is CT Corporation System, 5400 D Big Tyler Road, Charleston, WV, 25313.

### FACTS

4.     At all relevant times, Patterson owned and operated oil and gas drilling rigs

that operated within Ohio, Pennsylvania and West Virginia, including Doddridge County, West Virginia. Accordingly, and at all relevant times, Patterson had the knowledge, authority, and duty to ensure that the oil and gas drilling rigs were kept, maintained, and operated in a safe manner.

5. Patterson was responsible for the general and specific condition, maintenance, operation and repairs of their drilling rigs, including specifically the drilling rig that was operating near Snowbird Road in Doddridge County, West Virginia, on November 22, 2014, and on which the plaintiff was working as a non-supervisory employee of Patterson.

6. On November 22, 2014, while working on the Patterson oil and gas drilling rig, the Plaintiff was instructed by both the "Rig Manager" and "Driller" to help the "Derrick Man" "rig down" or dismantle the drilling rig, derrick or mast. To "rig down"[1] or dismantle the oil and gas drilling rig, the Plaintiff was told to climb the rig or derrick and help the "Derrick Man" disassemble the track and top drive.

7. Prior to the November 22, 2014, incident that is the cause of this civil action, Patterson had never provided Rashid R. Yancey with the proper and necessary training, education or safety instruction for the proper procedures, precautions, methods or safety measures necessary to "rig down" the rig, derrick or mast.

8. On November 22, 2014, while "rigging down", the "Rig Manager" and "Derrick Man" told Rashid R. Yancey to hold onto the track on which the top-drive operated.

9. While Rashid Yancey was holding onto the top-drive track, the "Derrick

---

[1] Per the Occupational Safety and Health Administration, "rigging down" is also referred to as "dismantling" or "tearing down" of the drilling rig, mast or derrick and auxiliary equipment.

Man" removed the pins that held the track together. Thereafter, the "Driller" let the tension of the cables holding the top-drive. When the top-drive tension was released, a section of track moved and pinned Rashid R. Yancey's arm against the structure of the drilling rig or derrick.

10. As a direct and proximate result of the events described above, Rashid R. Yancey suffered severe and permanent injuries to his left arm, wrist and hand resulting in permanent partial disability of the appendage.

## COUNT ONE
## DELIBERATE INTENT AGAINST DEFENDANT, PATTERSON

11. Patterson owed a duty to Rashid R. Yancey, and others similarly situated, to use reasonable care for his safety and protect him and others similarly situated from unsafe working conditions, including, without limitation:

    A. The duty to keep their oil and gas drilling rig, derrick or mast in a reasonably safe condition;

    B. The duty to warn Rashid R. Yancey of any workplace or job site dangers;

    C. The duty to design, maintain operate, repair and dismantle the oil and gas drilling rig, derrick or mast in a manner that comported with all applicable laws and regulations designed for the safety of individuals similarly situated to Rashid R. Yancey;

    D. The duty to design and implement proper training and education programs for their employees;

    E. The duty to comply with applicable standards for workplace safety for the oil and gas drilling industry;

F. The duty to design, prepare and implement a safe and effective procedure for "rigging down" or dismantling the Patterson drilling rig and to train, educate and inform the employees of the same;

G. The duty to perform a workplace hazard assessment or job safety assessment for "rigging down" or dismantling the oil and gas rig;

H. The duty to develop and implement procedures for worksite training for personnel "rigging down" or dismantling the Patterson oil and gas drilling rig; and,

I. The duty to use due care generally as set forth in the oil and gas drilling industry and by the Occupational Safety and Health Act.

12. Patterson breached its duty to Rashid R. Yancey in one or more of the following particulars:

A. Failing to keep the Patterson oil and gas drilling rig, workplace and job site in a reasonably safe condition;

B. Failing to warn Rashid R. Yancey of the concealed dangers posed by "rigging down" or dismantling the Patterson oil and gas drilling rig;

C. Failing to design or maintain the Patterson oil and gas drilling rig in a manner that comported with the applicable laws and regulations designed for the safety of individuals similarly situated to Rashid R. Yancey, including the failure to perform a workplace hazard assessment; failure to establish proper employee training procedures; failure to develop, implement and/or maintain a written hazard communication program; failure to develop, implement and/or maintain a written material handling program; failure to

4

develop, implement or maintain a policies and procedures program for "rigging down"; failure to comply with the oil and gas drilling industry standards; and, failure to comply with applicable federal regulations enacted under the Occupational Safety and Health Act.

    D.    Failing to ensure that the safety of workers while "rigging down" or dismantling the oil and gas drilling rig;

    E.    Failing to perform a workplace hazard assessment or job safety assessment;

    F.    Failing to develop and implement a written hazard communication program specifically including training for dismantling or "rigging down";

    G.    Failing to develop and implement procedures for worksite training for personnel servicing or dismantling the oil and gas rig;

    H.    Failing to use due care generally; and

    I.    Other acts and omissions both known and unknown to the plaintiffs.

13.    The violation of the applicable rules and regulations designed for the protection and safety of employees similarly situated to Rashid R. Yancey, as described above, constitutes deliberate intent on the part of Patterson.

14.    The following specific unsafe working conditions existed on the Patterson oil and gas drilling rig at all relevant times:

    A.    Patterson failed to keep the oil and gas drilling rig in a reasonably safe condition;

    B.    Patterson had not performed a workplace hazard assessment;

    C.    Patterson had not developed or implemented procedures and

employee training for employees who "rigged down" or dismantled the oil and gas drilling rig;

D. Patterson had not developed or implemented a worksite training program for personnel servicing or dismantling the oil and gas rig;

E. The Patterson oil and gas drilling rig was not designed or maintained in a manner that comported with all applicable laws and regulations designed for the safety of individuals similarly situated to Rashid R. Yancey;

F. The Patterson oil and gas drilling rig was not designed and maintained in a manner that comported with all applicable engineering standards and the generally applicable standards of practice, including the applicable standards of the oil and gas drilling industry;

G. The Patterson oil and gas drilling rig was not inspected, maintained, operated or repaired in the appropriate manner by trained professionals;

H. There was no rigging down or dismantling protocol for the Patterson oil and gas drilling rig; and,

I. In other ways, both known and unknown to the plaintiff.

15. The specific unsafe working conditions described above presented a high degree of risk and the strong possibility of serious injury or death to individuals similarly situated to Rashid R. Yancey.

16. Patterson had actual knowledge of the specific unsafe working conditions described above and had actual knowledge of the high degree of risk and the strong possibility of serious injury or death that those unsafe conditions posed.

17. The specific unsafe working conditions described in Paragraph 30, above,

6

constitute violations of the applicable state and federal statutes, rules or regulations and the commonly accepted and well known standards within the industry.

18. Through the conduct described above, Patterson knowingly exposed Rashid R. Yancey to the specific unsafe working conditions described above and violated state and federal safety statutes, rules, regulation and/or commonly accepted and well-known safety standards within the industry.

19. By and through the conduct described above, Patterson breached its duties to Rashid R. Yancey, and deliberately and intentionally exposed Rashid R. Yancey to the unsafe working conditions described above.

20. The Defendant is fully liable for the injuries and damages set forth below as a result of its deliberate and intentional misconduct, and/or through the misconduct of their employees and/or agents.

21. Based on the foregoing, Defendant, Patterson, violated the applicable provisions of West Virginia Code §23-4-2(d)(2)(ii)(A-E).

## COUNT II
## NEGLIGENCE AGAINST DEFENDANT, ANTERO

22. Upon information and belief, Antero was the owner or lessee of the mineral interests, i.e. oil and gas deposits, for which the well was being drilled by Defendant, Patterson, on November 22, 2014, at the time of Plaintiff's injury.

23. It is believed that Antero exercised control over various aspects of Defendant Patterson's drilling and conduct, including, but not limited to, time schedules, set up and dismantling of equipment and drill machinery selection.

24. Despite its common law and statutory duties to do so, Antero failed to provide a reasonably safe workplace in which the Plaintiff Rashid Yancey was required

to work, and also breached other common law and statutory duties of care that proximately caused the Plaintiff's injuries.

25. Antero had the authority to exercise control over Defendant, Patterson, and did exercise such authority in varying degrees, which upon assuming such duty and responsibility, makes Antero liable for any wrongful conduct committed by Defendant Patterson, its agents, servants or employees under the common law.

26. Antero is also liable based upon the doctrine of *respondeat superior* and pursuant to the common law principles of agency.

## DAMAGES

27. The allegations contained in Paragraphs above, are incorporated herein fully by reference.

28. As a direct and proximate result of the conduct of Patterson, Rashid R. Yancey suffered physical pain, mental and emotional anguish, and psychological damage as a result of the injury that he suffered on November 22, 2014.

29. As a direct and proximate result of the conduct of the Defendant, Rashid R. Yancey has suffered severe and permanent injuries to his arm, wrist and hand that have resulted in permanent, partial disability.

30. As a direct and proximate result of the conduct of the Defendant, Rashid R. Yancey has suffered lost wages, the inability to work and other economic losses because of his injuries and will continue to suffer such losses on a permanent basis into the future.

31. As a direct and proximate result of the conduct of the Defendant, Rashid R. Yancey has suffered annoyance and inconvenience and will continue to suffer such

losses on a permanent basis into the future.

32. The acts of the Defendant constitutes deliberately intentional misconduct and exhibited a reckless disregard for the health and welfare of Rashid R. Yancey.

33. The acts of the Defendant were so outrageous that punitive damages should be assessed against the Defendant to punish it and deter the Defendant and others from behaving similarly in the future.

**WHEREFORE** the plaintiff, Rashid R. Yancey, demands judgment against the Defendants, Patterson-UTI Drilling company, LLC and Antero Resources Corporation, for an amount that will fully, fairly and reasonably compensate him for all damages caused by the conduct of the Defendants; for the costs, expenses and fees incurred in pursuit of this action and for punitive damages in an amount that will adequately punish the Defendants and deter it and others from behaving similarly in the future; for all of the relief to which they are entitled by law, including but not limited to, pre and post judgment interest on all amounts; and, for such other relief as this Court deems proper.

## A TRIAL BY JURY IS DEMANDED ON ALL ISSUES

RASHID R. YANCEY,<br>
Plaintiff,<br>
By Counsel,

_____
TRUMAN GRIFFITH, W. Va. ID # 9890
ANDREW D. BYRD, W. Va. ID # 11068
Warner Law Offices, PLLC
PO Box 3327
Charleston, WV 25333
(304) 345-6789
(304) 344-4508 fax
*Co-Counsel for Plaintiff*

_____S. A. W._ w/permission _J.M._____
**RODNEY C. WINDOM**, W. Va. ID # 4091
**SCOTT A. WINDOM**, W. Va. ID # 7812
**Windom Law Offices, PLLC**
101 East Main Street
Harrisville, WV 26362
(304) 643-4440
*Co-Counsel for Plaintiff*